# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **ELIZABETH THOMAS**,  )<br>　Plaintiff　　　　　　　)<br>　　　　　　　　　　　　)<br>**v.**　　　　　　　　　　)<br>　　　　　　　　　　　　)<br>　　　　　　　　　　　　)<br>**MICHAEL J. ASTRUE**,　 )<br>**Commissioner of Social Security,**[1]  )<br>　Defendant　　　　　　)　 | **Civil Action No. 1:03cv00060**<br><br>**OPINION**<br><br>By:　**PAMELA MEADE SARGENT**<br>　　United States Magistrate Judge |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 16) ("the Motion"). Based on the reasoning set out below, the Motion will be denied.

Elizabeth Thomas filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for a period of disability and for disability insurance benefits, ("DIB"), and supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423, 1381 *et seq.* (West 2003 & Supp. 2006). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered July 7, 2004, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner. (Docket Item No. 15.) Thomas's attorney now has filed a petition seeking approval of a fee of $1,368.75 for representing Thomas in this court. Based

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007, and is, therefore, substituted for Jo Anne B. Barnhart as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d)(1).

-1-

on my review of the Motion, I find that the award of an attorney's fee on this record is inappropriate at this time.

Thomas's counsel has submitted the Notice of Award letter to the court indicating that Thomas is entitled to a back award of DIB benefits in the amount of $21,475.00. Thomas's counsel also has submitted an itemized statement of the time expended in representing Thomas before this court. However, the itemized statement submitted by Thomas's counsel is not under oath as required by this court. That being the case, I find that an award of a fee is not appropriate at this time. For this reason, the Motion will be denied without prejudice to counsel filing another properly supported motion. I further note that, while the Notice of Award letter is dated July 31, 2005, the Motion was not filed with this court until April 11, 2007. Although the Social Security Administration, ("SSA"), stated in its Notice of Award that it had withheld $5,368.75 from Thomas's back pay to cover attorney's fees, given the nearly two-year interval between the Notice of Award and the filing of the Motion, this court has concerns regarding whether that amount still is being withheld by the SSA. Thus, upon refiling of the Motion, counsel also must make a representation to the court as to whether $5,368.75 still is being withheld for the payment of attorney's fees. If such an amount is not being withheld by the SSA, the court will not order Thomas to pay the requested attorney's fee given the lengthy time lapse between the Notice of Award and the filing of the Motion. An appropriate judgment will be entered.

DATED: April 13, 2007.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE