# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| ELIZABETH THOMAS, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security,[1] )<br>    Defendant ) | Civil Action No. 1:03cv00060<br><br>**OPINION**<br><br>By:   PAMELA MEADE SARGENT<br>United States Magistrate Judge | |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 19) ("the Motion"). Based on the reasoning set out below, the Motion will be granted.

Elizabeth Thomas filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for a period of disability and disability insurance benefits, ("DIB"), and Supplemental Security Income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423 and 1381 *et seq.* (West 2003 & Supp. 2007). Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered July 7,

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007, and is, therefore, substituted for Jo Anne B. Barnhart as the defendant in the action pursuant to Federal Rule of Civil Procedure 25(d)(1).

-1-

2004, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner. (Docket Item No. 15.) Thomas's attorney filed a previous petition seeking approval of a fee of $ 1,368.75 on April 11, 2007. (Docket Item No. 16.) By order entered April 13, 2007, this motion was denied without prejudice for counsel's failure to file a sworn, itemized statement of time expended before this court. (Docket Item No. 18.) The court also noted its concern as to whether the Social Security Administration, ("SSA"), had continued to withhold the $5,368.75 from Thomas's back pay to cover attorney's fees, given the nearly two-year time lapse from the time of the issuance of the Notice of Award Letter, dated July 31, 2005, and the filing of the initial motion for attorney's fees on April 11, 2007.

Thomas now has filed another petition seeking approval of a fee of $ 1,368.75 for representing Thomas in this court. The Commissioner has not objected to the fee request.

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003 & Supp. 2007). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney,

including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). In this case, Thomas's counsel has not provided the court with a fee agreement. Thomas's counsel has provided the court with a copy of the SSA's July 31, 2005, Notice Of Award Letter, which states that it has awarded benefits to Thomas. The letter states that it has awarded Thomas past due benefits in the amount of $ 21,475.00, and that it withheld $ 5,368.75, or 25 percent, of the past due benefits to pay any claimed attorney's fee. Counsel has informed the court that the lengthy time lapse between the issuance of the Notice of Award letter and the filing of the previous motion for attorney's fees was due to the case file being prematurely closed. Counsel also has submitted a letter from the SSA's Office of Central Operations, dated April 9, 2007, stating that it continues to withhold $ 1,368.75 for attorney's fees for services rendered before this court.

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a

-3-

Case 1:03-cv-00060-PMS   Document 20   Filed 06/14/07   Page 3 of 4   Pageid#: 68

requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Thomas's counsel has supplied evidence that shows that counsel spent a total of 8.75 hours in representing Thomas in this court.[2] The time expended appears reasonable. Also, the Motion requests a total fee of $ 1,368.75, which, if paid for 8.75 hours of work, would result in a payment of $ 156.43 per hour. I further find that there is no evidence that counsel in any way contributed to a delay in the award of benefits; nor do I find that the benefits awarded were great in comparison to the hours expended by counsel. Thus, taking into account all of the relevant factors, I find that a fee of $ 1,368.75 is reasonable.

For the foregoing reasons, the Motion will be granted and a judgment will be entered awarding the plaintiff's attorney a fee of $ 1,368.75.

DATED: June 14, 2007.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

---

[2] Counsel has submitted a sworn, itemized statement of the time expended before this court in representing Thomas.

-4-